

**SO ORDERED.**

**SIGNED this 15 day of June, 2006.**

*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>MATTHEW W. THOMAS,<br>PAMELA J. THOMAS,<br><br>        DEBTORS. | CASE NO. 03-11882-7<br>CHAPTER 7 |
| WACHOVIA BANK, N.A., as Trustee for Long Beach Mortgage Loan Trust 2001-4,<br><br>        PLAINTIFF,<br><br>v.<br><br>J. MICHAEL MORRIS,<br><br>        DEFENDANT. | ADV. NO. 04-5232 |

| | |
|---|---|
| J. MICHAEL MORRIS,<br><br>        PLAINTIFF,<br><br>v.<br><br>WACHOVIA BANK, N.A., as Trustee for<br>     Long Beach Mortgage Loan Trust<br>     2001-4,<br><br>        DEFENDANT. | ADV. NO. 04-5228 |

**OPINION DETERMINING THAT TRUSTEE CANNOT AVOID
CREDITOR'S LIEN ON MANUFACTURED HOME**

These proceedings are before the Court for decision based on the parties' stipulations and briefs. In Adversary No. 04-5232, which Chapter 7 Trustee J. Michael Morris removed from state court, Wachovia Bank, N.A., seeks to quiet title to a manufactured home. In Adversary No. 04-5228, the Trustee seeks to avoid the Bank's lien on the home. The Bank appears by counsel Michael D. Doering and Brook R. Rank. The Trustee appears by counsel J. Michael Morris. No one else has appeared in either proceeding. The Court has reviewed the relevant pleadings and is now ready to rule.

The Bank held a mortgage on the Debtors' homestead, which consisted of a manufactured home affixed to a lot. After the Debtors filed for bankruptcy, the Bank obtained stay relief, foreclosed on the homestead, and bought it at the foreclosure sale. Now, the Bank seeks to quiet title to the manufactured home, and the Trustee seeks to avoid the lien on the home because it was not perfected. The Court concludes that the Trustee's attack on the Bank's lien comes too late, and is barred by the foreclosure

2

judgment, so the Bank is entitled to relief quieting its title to the home.

**FACTS**

The parties have stipulated to some of the following facts and the Court has drawn others from pleadings filed in the Debtors' main bankruptcy case, and from the Bank's state court petition to quiet title and documents that were attached to it. Although the stipulations included other facts, only those stated here are necessary for the Court to make its decision.

In 2001, the Debtors refinanced the debt on their homestead, giving a new mortgage to secure the new loan. The note and mortgage were assigned to the Bank. The Debtors' homestead consisted of a manufactured home that had been affixed to a permanent foundation on a lot in Arkansas City, Kansas, with permanent connections to water, power and sewer utilities. The county was taxing the manufactured home as real property, not personal property. The new mortgage lien was never noted on the certificate of title for the manufactured home, and the procedure established by K.S.A. 58-4214 for eliminating the title has never been completed. Instead, the certificate of title has been lost or destroyed, and the state's title record for the home shows that a different bank (probably the one whose mortgage was refinanced) is the only holder of a lien on the manufactured home.

In 2003, the Debtors filed a Chapter 7 bankruptcy, and the Trustee was appointed as the trustee for their bankruptcy estate. The Bank filed a motion for stay relief, seeking permission to foreclose its mortgage on the Debtors' homestead. The Trustee filed a

3

response, noting the Debtors had not claimed the property as exempt and asking that (1) the Bank's relief be limited to allowing it to bring a state court foreclosure action in which the Trustee would be named as an *in rem* party against whom no ancillary relief would be allowed, (2) the estate should be entitled to full redemption rights, and (3) the Trustee should be notified of any sheriff's sale. An order was entered granting the Bank stay relief on the terms requested by the Trustee.

In state court, the Bank sued the Debtors, the Trustee, and others, obtained a foreclosure judgment, and bought the homestead at the ensuing court-ordered sale.[1] Not yet aware that the structure on the property was a manufactured home, the Trustee asserted no claim in that suit based on the failure to note the Bank's lien on the home's certificate of title. The sheriff who conducted the sale gave the Bank a certificate of purchase for the property.

The Bank then filed another state court action, seeking to quiet title to the manufactured home, apparently because a title insurance company required it to do so. The Trustee was named as a defendant in that action, along with the Debtors, the bank noted in state records as the holder of a lien on the manufactured home, and tenant-

---

[1] Although the parties have not supplied copies of the pleadings filed in the state court foreclosure action or the orders entered by the state court, the Trustee attached to his notice of removal, as required by Federal Rule of Bankruptcy Procedure 9027, a copy of the Bank's subsequent state court petition to quiet title, including an attached copy of a sheriff's certificate of purchase for the property. The sheriff's certificate states that, pursuant to the state court's order of sale, he sold to the Bank real property with the same legal description as the Debtors' homestead. The Court infers from this document (as well as the arguments the Trustee has chosen to make) that the Bank had obtained a judgment foreclosing its mortgage on the homestead, as well as the order of sale referred to in the sheriff's certificate.

4

occupants of the home, whose names were not known. All the defendants were described as parties who "may have or claim to have some right, title or interest in and to the Manufactured Home," but the Bank alleged all their interests were inferior to its interest in the home.

The Trustee removed the quiet title action to this Court, where it was assigned Adversary No. 04-5232. The same day, he filed Adversary No. 04-5228, seeking under 11 U.S.C.A. § 544(a) to avoid the Bank's lien on the manufactured home because it was not perfected on the day the Debtors filed for bankruptcy. The proceedings were consolidated by an agreed order. The parties agreed the Trustee should sell the entire homestead free and clear of liens, with their respective interests attaching to the net proceeds, pending resolution of these proceedings. He then sold the property, paid various costs related to the sale, and is presumably holding the net proceeds.[2]

**DISCUSSION**

The parties present a variety of theories in their briefs, but the Court concludes this dispute is controlled by claim preclusion, also known as res judicata. The Bank suggests the state court foreclosure judgment precludes the Trustee from now asserting his claim to avoid the Bank's lien on the manufactured home. The Trustee responds that the state court had no jurisdiction to consider his avoidance claim, so he could not have asserted it there and the foreclosure judgment cannot preclude his avoidance claim.

---

[2]The Trustee's interim report filed in the main case on December 20, 2005, does not list the proceeds, probably because none of the money has yet been determined to belong to the bankruptcy estate.

5

The federal Full Faith and Credit Statute[3] requires the Court to apply the preclusion law of Kansas, the state in whose courts the foreclosure judgment was rendered, to determine the judgment's effect in this case.[4] But if Kansas law says that the judgment would have a preclusive effect here, the Court must then determine whether something else in federal law makes an exception to the Full Faith and Credit Statute for purposes of the Trustee's avoidance claim.[5]

Under Kansas law, "[c]laim preclusion prevents parties from relitigating a cause of action that has been finally adjudicated. It is founded on the principle that the party, or some other party in privity, has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction."[6] "The salutary rule of res judicata forbids a suitor from twice litigating a claim for relief against the same party. The rule is binding, not only as to every question actually presented, considered and decided, but also to every question which might have been presented and decided. The doctrine of res judicata prevents the splitting of a single cause of action or claim into two or more suits; it requires that all the grounds or theories upon which a cause of action or claim is

---

[3] 28 U.S.C.A. § 1738.

[4] *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379-86 (1985); *Matsushita Electric Industrial Co., Ltd., v. Epstein*, 516 U.S. 367, 373-75 (1996).

[5] *Marresse*, 470 U.S. at 379-86; *see also National Union Fire Ins. Co. v. Boyovich (In re Boyovich)*, 126 B.R. 348, 350 (Bankr. W.D. Wash. 1991) (*Marresse* approach applies in bankruptcy proceedings).

[6] *Jackson Track Group, Inc., v. Mid States Port Authority*, 242 Kan. 683, 690 (1988).

6

founded be asserted in one action or they will be barred in any subsequent action."[7] The doctrine applies when comparing the judgment to the presently asserted claim reveals they involve: "(a) same claim; (2) same parties; (3) claims [that] were or could have been raised [in the first proceeding]; and (4) a final judgment on the merits."[8]

The question before the Court, then, is what kind of claims are barred by the foreclosure judgment. A typical mortgage foreclosure action asks a court to determine the mortgage holder's rights in real property as against the party or parties who gave the mortgage and, frequently, as against others who claim to have rights in the property. The materials before the Court make clear that the Bank sought to have its rights under the mortgage determined as against the Debtors and the Trustee, among others. Some years ago, the Kansas Supreme Court declared, in dicta, that "the general rule is that a judgment in a foreclosure action is conclusive on all persons properly made parties to the action and that those who are not parties are not concluded."[9] The Trustee concedes the Bank made him a party to the foreclosure action, as he asked and as the Court, in the order granting stay relief, directed it to do. In the somewhat specialized context of a real estate tax foreclosure action, the Kansas Supreme Court ruled that where a district court had jurisdiction of the parties to be affected and the tax foreclosure petition alleged taxes were

---

[7] *In re Estate of Reed*, 236 Kan. 514, 519 (1985) (citations omitted).

[8] *Winston v. Kansas Dept. of Social & Rehabilitation Servs.*, 274 Kan. 396, 413 (2002) (citation omitted).

[9] *Erskine v. Dykes*, 158 Kan. 788, 793 (1944) (question was whether person who had not been served with summons was nevertheless barred by statute of limitations).

7

unpaid, but the owner claimed that no taxes were in fact unpaid, the owner had to raise that defense in the manner required by statute before the district court's judgment allowing the property to be sold for taxes became final and conclusive, or the defense would be barred in any subsequent proceeding.[10]

In the case before this Court, the Trustee's rights in the property the Bank was foreclosing on all derived from the Debtors. The Trustee has not suggested the Bank was not entitled to enforce its mortgage against the Debtors' rights in their homestead, including the manufactured home. Rather, he alleges only that the mortgage on the home was not perfected, and under § 544(a) of the Bankruptcy Code, he has a power, beyond the Debtors' rights, to avoid unperfected security interests in property of the bankruptcy estate. If he could have successfully used that power in the foreclosure action against the Bank's mortgage on the manufactured home, he could have made the estate's interest in the home superior to the Bank's interest, thus defeating the Bank's right to foreclose on the home. Under Kansas case law, it would seem he had to raise that defense in the foreclosure action, or run the risk it would be barred by a foreclosure judgment in the Bank's favor.

The Trustee implicitly concedes his § 544(a) defense to the Bank's foreclosure action would be barred by the judgment in that action if he was required to assert it there.

---

[10]*Phillips Petroleum Co. v. Moore*, 179 Kan. 482, 494 (1956). A different holding in the case, that publication notice was sufficient to obtain jurisdiction over an entity whose name and address were known, was later disapproved. *See Pierce v. Board of County Comm'rs*, 200 Kan. 74, 85-86 (1967). That part of the *Phillips Petroleum* decision, however, is not relevant in this case.

8

He argues instead only that he could not assert the defense there because the state court had no subject-matter jurisdiction to consider it. He bases this argument on the Tenth Circuit's decision in *Delgado Oil Company v. Torres*.[11]

In *Delgado*, a corporate creditor had sued a director of the corporation in federal district court, claiming among other things that the director had willfully mismanaged corporate assets by making preferential payments to other corporate creditors whose debts he had guaranteed.[12] Before the case went to trial, the corporation filed a Chapter 11 bankruptcy case.[13] Since the corporation was not a party to the suit, the automatic stay did not apply.[14] In addition, none of the parties questioned whether the district court retained jurisdiction over the preference claims once the bankruptcy case was filed.[15] After a bench trial, the court found the director was liable for having made unlawful preferential payments in breach of his fiduciary duty.[16] On appeal, the Tenth Circuit concluded that the bankruptcy estate created by § 541 of the Bankruptcy Code included any right of action the debtor-corporation might have to recover damages for a corporate director's misconduct, mismanagement, or neglect of duty, and that, in order to satisfy the

---

[11] 785 F.2d 857 (10th Cir. 1986).

[12] *Id.* at 859.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

9

basic bankruptcy purpose of treating all similarly situated creditors alike, the corporation's right must be considered to have superseded any individual creditor's common law right to recover similar damages from a director.[17] The Circuit declared that only the bankruptcy trustee (or the Chapter 11 debtor-in-possession, who was endowed with the powers of a trustee) had the right to recover preferences for the benefit of the corporation's creditors, and the district court lost jurisdiction over the preference claims as a result of the corporation's bankruptcy filing.[18]

*Delgado* does not support the Trustee's claim here. In that case, the only parties in the district court suit were the creditor and the corporate director — no representative of the bankruptcy estate was a party. In the circumstances before this Court, however, the Trustee, the representative of the Debtors' bankruptcy estate, *was* a party to the Bank's foreclosure action against the Debtors' homestead. Although the homestead had come within this Court's exclusive jurisdiction over property of the estate when the Debtors' filed for bankruptcy,[19] the Bank had later obtained stay relief allowing it to proceed against the homestead in another court. That stay relief order gave the state court jurisdiction to determine the parties' rights in the homestead, including the rights of the

---

[17]*Id*. at 860-62.

[18]*Id*. at 860-61.

[19]*See* 28 U.S.C.A. § 1334(e), (formerly subsection (d), but redesignated as (e) by Pub. L. No. 103-465, § 104(b) (1994)). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended subsection (e) to make the provision for exclusive jurisdiction over the property of the debtor and of the estate paragraph (1) of that subsection and to add a new paragraph (2), *see* Pub. L. No. 109-8, § 324(a)(2), but that change would not apply here, and would not appear to affect the result if it did.

10

Trustee as the representative of the bankruptcy estate. Because the Trustee was made a party to the foreclosure action, Kansas claim preclusion law required him to assert his avoidance claim in that action or be barred from raising it later, as he is trying to do now. The Trustee has not alleged that anything in federal law might make an exception to the Full Faith and Credit Statute for purposes of the Trustee's avoidance claim, and the Court is aware of none. Consequently, the Court must give the state court foreclosure judgment the same preclusive effect it would have in Kansas state courts, namely to bar the Trustee from asserting the § 544(a) avoidance claim in these proceedings.

The Trustee has also alleged that until the Bank filed its quiet title action, neither the Debtors nor the Bank had informed him that the structure on the Debtors' homestead was a manufactured home. But the Trustee has not cited any state or federal statute or case law suggesting this fact limits the preclusive effect of the foreclosure judgment. At most, the allegation sounds to the Court like a request to be relieved from the foreclosure judgment on the ground of newly discovered evidence, or the ground of fraud or misrepresentation by an adverse party. Much like federal law, Kansas law provides that a party may be relieved from a final judgment because of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial"[20] or because of "fraud . . . , misrepresentation, or other misconduct of an adverse party."[21] But such claims must ordinarily be made in the court that rendered the judgment from

---

[20] K.S.A. 60-260(b)(2).

[21] K.S.A. 60-260(b)(3).

11

Case 04-05232    Doc# 46    Filed 06/15/06    Page 11 of 13

which the party wants to be relieved.[22] Both adversary proceedings now before this Court are separate from the state court foreclosure action, and any request for relief from the judgment rendered in that action that the Trustee might be asserting here constitutes a collateral attack on the judgment. Under Kansas law, a judgment is presumed valid and may be collaterally attacked only if the court that rendered it had no jurisdiction or transcended its jurisdiction.[23] Neither newly discovered evidence nor fraud or misrepresentation[24] would authorize a collateral attack on a judgment under this rule of Kansas law. Again like federal law, Kansas law also allows a court to entertain an independent action to relieve a party from a judgment,[25] but such relief requires unusual and exceptional circumstances, and is only available to a party who can show his situation did not result from his own fault, neglect, or carelessness.[26] The Trustee's limited allegation that neither the Debtors nor the Bank informed him of the existence of the manufactured home before the Bank filed its quiet title action does not come close to

---

[22] *See* 11 Wright, Miller & Kane, *Fed. Prac. & Pro.: Civil 2d*, § 2865 (1995); *see also Grimmett v. S & W Auto Sales Co.*, 26 Kan. App. 2d 482, 486-87 (1999) (noting Kansas Supreme Court had said Kansas law did not appear to differ from federal law on preclusion doctrines, Kansas Court of Appeals relied on federal decisions in determining finality requirement under Kansas law for res judicata purposes).

[23] *Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1024 (2002).

[24] Except perhaps fraud on the court, which the Trustee's limited assertions do not suggest might have occurred. *See United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (allegations of nondisclosure in pretrial discovery will not support action for fraud on the court, quoting from *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (en banc)).

[25] K.S.A. 60-260(b).

[26] *Winfield Assocs., Inc., v. Stonecipher*, 429 F.2d 1087, 1090 (10th Cir. 1970); 11 Wright, Miller & Kane, *Fed. Prac. & Pro.: Civil 2d*, § 2868 at 397-98 (1995).

meeting these standards for relief from the foreclosure judgment.

The Trustee also suggests the Bank waived the preclusive effect of the foreclosure judgment by bringing the quiet title action. But, as the Bank points out, its petition to quiet title simply said the Trustee might have or claim an interest in the home, not that the Bank conceded he still had an interest. Furthermore, rather than making such a concession, the petition alleged that any claim the Trustee might have against the home was inferior to the Bank's claim against it. The Court rejects the assertion the Bank waived the preclusive benefits of the foreclosure judgment by filing the quiet title petition.

**CONCLUSION**

For these reasons, the Court concludes the state court foreclosure judgment precludes the Trustee from attacking the Bank's lien on the manufactured home. The Bank would therefore be entitled to a judgment quieting its title to the home against the Trustee. Since the Debtors' homestead has already been sold, the Court has determined the Trustee's claim to a share of the proceeds from the sale is barred, and no other party has claimed an interest in the proceeds, the Bank is entitled to recover all the net proceeds of that sale.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by FRBP 9021 and FRCP 58.

# # #